UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>   v.<br><br>HUDSON, et al.,<br><br>        Defendants. | No. 2:16-cv-1153-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 7, 2017, the court determined that plaintiff's complaint was sufficient, for screening purposes, to state viable Fourteenth Amendment due process claims against defendants Hudson and Serna and a First Amendment retaliation claim against defendants Hudson, Serna, and Romero. ECF No. 14 at 9. Defendants, rather than filing a responsive pleading or a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, have filed a request for judicial notice/motion to require plaintiff to post security. ECF No. 25. Therein, they argue that plaintiff should be deemed a vexatious litigant and he lacks a probability of success in this action. *Id.* at 1. Defendants request that plaintiff be required to post security in the amount of $8,590 in order to proceed with this action. *Id.* Plaintiff has filed an opposition to this motion (ECF No. 29), defendants have filed a reply (ECF No. 30), and plaintiff has sought leave to file a

/////

1

surreply (ECF Nos. 31 & 32). Plaintiff's motion to file a surreply will be denied[1] and, for the reasons stated hereafter, the court recommends that defendants' motion be denied without prejudice.

**I.      Legal Standards**

Local Rule 151(b) adopts the provisions of the California Code of Civil Procedure relating to vexatious litigants. E.D. Cal. L.R. 151(b). The rule provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

*Id.* California Code of Civil Procedure Tile 3A, part 2, includes the following relevant provision:

> In any litigation pending . . ., at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security . . .. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1. California law defines a vexatious litigant as a person who, in the seven years immediately preceding the motion, has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in a small claims court that have been finally determined adversely to the person. *Id.* § 391(b)(1). To order the posting of a security under § 391.1, the court must additionally conclude, after hearing evidence, "that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." *Id.*

---

[1] Plaintiff asserts that his surreply should be considered because, previously, he was under the effect of psychiatric medication which inhibited his ability to respond to defendants' motion effectively. ECF No. 31 at 2. The local rules do not contemplate a surreply, however. If plaintiff felt that he was unable to respond effectively to defendants' motion, he could have sought an extension of time. In any event, for the reasons stated hereafter, the court is recommending denial defendants' motion without prejudice. Plaintiff may include any pertinent argument in his objections to this court's recommendations, if he chooses to file any.

2

§ 391.3(a). Notwithstanding the foregoing, the court notes that Local Rule 151(b) specifies that "the power of the Court shall not be limited [by Title 3A, part 2, of the California Code of Civil Procedure]." E.D. Cal. L.R. 151(b).

While the California Code of Civil Procedure provision relied upon by defendants is informative, the court looks to federal law as to whether to grant the relief requested here. In *De Long v. Hennessey*, the Ninth Circuit held that four factors must be proven before a plaintiff may be declared a vexatious litigant. 912 F.2d 1144, 1147-49. These are: (1) plaintiff must be given adequate notice and an opportunity to oppose a restrictive pre-filing order before it is entered; (2) the court must present an adequate record for review by listing the case filings that support its order; (3) the court must make substantive findings as to the frivolous or harassing nature of the plaintiff's actions; and (4) the order must be narrowly tailored to fit the specifics of the plaintiff's abuses. *Id.*

**II. Analysis**

The court, after review of the plaintiff's litigative history, finds that he does not meet the standards to be declared a vexatious litigant. Defendants contend that, in the past seven years, plaintiff has brought numerous[2] unsuccessful pro se civil actions:

1. *Hammler v. Pita*, No. 2:16-cv-1684 (C.D. Cal.) – voluntarily dismissed on July 21, 2016;

2. *Hammler v. Montanez*, 1:14-cv-00383 (E.D. Cal.) – voluntarily dismissed on June 24, 2014;

3. *Hammler v. Macomber*, 2:15-cv1913 (E.D. Cal.) – voluntarily dismissed on December 16, 2015 prior to service of defendant;

4. *Hammler v. State of California LASD*, 2:10-cv-5229 (C.D. Cal.) – denial of application to proceed *in forma pauperis*;

/////

---

[2] Defendants request that the court take notice of the court records attached to their motion. The court elects to do so. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

5. *Hammler v. Superior Court of Lassen County*, No. C082122 (California Court of Appeals, Third Dist.) –  denial of petition for writ of mandate;

6. *Hammler v. Superior Court of Kings County*, No. F061197 (California Court of Appeals, Fifth Dist.) – denial of petition for writ of mandate;

7. *Hammler v. The Alternate Public Defenders*, No. BS 129159 (Los Angeles County Superior Court) – dismissed after plaintiff failed to appear at a trial setting conference and a status conference; and

8. *Hammler v. California*, No. 10A353 (United States Supreme Court) – plaintiff failed to file a Writ of Certiorari within allotted time and the appeal remains open.

Defendants provide docket entries of fourteen state cases, all of which relate to unsuccessful petitions for writ of habeas corpus. *See* ECF No. 25 at 14-56; ECF No. 25-2 at 4.

The state dockets attached to defendants' motion demonstrate an obvious lack of success, but they do not permit review of the specific content of plaintiff's state habeas claims. As such, this court cannot determine whether those filings were frivolous or harassing as required by *De Long*. 912 F.2d at 1148 ("To make [a finding that a plaintiff has engaged in frivolous or harassing litigation], the district court needs to look at both the number and *content of the filings* as indicia of the frivolousness of the litigant's claims.") (emphasis added); *Moy v. United States*, 906 F.2d 467, 4709 (9th Cir. 1990) ("An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit."); *see also Hardaway v. Franco*, No. C 12-5885 RMW (PR), 2014 U.S. Dist. LEXIS 117452, *3-4 (N.D. Cal. Aug. 20, 2014) (denying defendants' motion to declare plaintiff a vexatious litigant based, in part, on their failure to provide anything more than a docket sheet for eleven of the relevant cases).

Additionally, defendants have not shown that plaintiff has filed other frivolous or harassing claims based on the same operative facts as the instant case. Nor is there any indication that plaintiff has a pattern of harassing litigation against any of the parties to this case. Instead, as noted above, the bulk of his unsuccessful filings have been state habeas petitions. This counsels against requiring plaintiff to post a substantial security which, for all practical purposes, would

put an immediate end to this unrelated and non-frivolous section 1983 case. *See Delong*, 912 F.2d at 1148 (holding that vexatious litigant orders "must be narrowly tailored to closely fit the specific vice encountered.").

### III. Conclusion

Based on the foregoing, it is HEREBY ORDERED that plaintiff's motion to submit a surreply (ECF No. 31) is DENIED.

Further, it is RECOMMENDED that defendants' motion to require plaintiff to post security (ECF No. 25) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 13, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE