UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>   v.<br><br>HUDSON, et al.,<br><br>        Defendants. | No. 2:16-cv-1153-JAM-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 13, 2018, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Defendants argue that the Magistrate Judge applied the incorrect standard in issuing the

1

immediate recommendations. Specifically, they take issue with the Magistrate Judge's reliance on Ninth Circuit precedent – *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) – in weighing their motion, rather than deciding it based on the California Code of Civil Procedure which this district has incorporated into its local rules. E.D. Cal. L.R. 151(b). Additionally, defendants contend that the cases cited by the Magistrate Judge are inapposite insofar they deal with the imposition of a pre-filing injunction, rather than a requirement to post security like the one sought here. The court has reviewed the recommendations and finds that the Magistrate Judge did not err. In a similar case before this district, Judge Burrell wrote:

> Defendant argues at least plaintiff should have 'declared' a vexatious litigant under section 391(b)(3) because plaintiff's litigation history evinces that defendant has satisfied the threshold to require plaintiff to post security under section 391(b)(1). Section 391(b) of the California Code of Civil Procedure contains four subsections that define a 'vexatious litigant.' Therefore, whether a finding is made under subsection (b)(3) or (b)(1), the result, under California law, still concerns determination of whether the litigant is 'vexatious.' **Both this court's local rule and Ninth Circuit decisions demonstrate that the court looks to federal law, not state law, to define a vexatious litigant.** "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

*Smith v. Officer Sergent*, 2016 WL 6875892, 2016 U.S. Dist. LEXIS 161285, at *4 (E.D. Cal., Nov. 21, 2016) (emphasis added). *See also Cranford v. Crawford*, 2016 U.S. Dist. LEXIS 117714, 2016 WL 4536199, at *3 (E.D. Cal., Aug. 31, 2016) ("As stated, the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); *Goolsby v. Gonzales*, 2014 U.S. Dist. LEXIS 73819, 2014 WL 2330108, at *1-2 (E.D. Cal., May 29, 2014) report and recommendation adopted 2014 U.S. Dist. LEXIS 101096, 2014 WL 3529998 (E.D. Cal., July 15, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent. . . . [T]he mere fact that a plaintiff has had numerous suits

2

dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.").

Having found the foregoing, the court agrees with the Magistrate Judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 13, 2018, are adopted in full; and

2. Defendants' motion to require plaintiff to post security (ECF No. 25) is DENIED.

DATED: April 26, 2018

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE