UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUDSON, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1153-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 7, 2017, the court determined that plaintiff's Fourteenth Amendment due process claims against defendants Hudson and Serna were cognizable to proceed past screening. ECF No. 14. The same determination was made with respect to plaintiff's First Amendment retaliation claims against defendants Hudson, Serna, and Romero. *Id.* These defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) arguing that: (1) plaintiff failed to exhaust his administrative remedies before filing this suit; (2) plaintiff's allegations, taken as true, do not establish a due process violation with respect to defendants Hudson and Serna; and (3) all defendants are entitled to qualified immunity with respect to plaintiff's First Amendment retaliation claims. ECF No. 41. Plaintiff filed an opposition (ECF No. 42) and defendants have filed a reply (ECF No. 44). Then, wanting to have the last word, plaintiff filed a motion to submit a surreply (ECF Nos. 46) and a

1

surreply (ECF No. 47). Defendants oppose that motion. ECF No. 48. Finally, plaintiff has submitted a "Motion for Order Directing the Warden to Render Medical Attention and Conduct Investigation" (ECF No. 43) which this court construes as a motion for preliminary injunction.

For the reasons stated below, plaintiff's motion to submit a surreply is denied. Further, defendants' motion to dismiss should be granted, and plaintiff's motion for preliminary injunction should be denied.

## Motion to Submit Surreply

The local rules of this court do not provide for the submission of a surreply in prisoner cases. *See* Local Rule 230(I). District courts, however, have discretion to permit or deny such a filing. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court exercised discretion in refusing to accept supplemental declarations insofar as they amounted to an "inequitable surreply"), *overruled on other grounds by U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015). A surreply should only be permitted "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 U.S. Dist. LEXIS 29357, 2005 WL 3031136, at *1 (E.D. Cal. Nov.8, 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).

In their opposition, defendants persuasively argue that their reply brief did not raise any new issues or arguments which would justify a surreply. And plaintiff has not articulated any other convincing justification for allowing a surreply. In short, he was afforded a full opportunity to address defendants' arguments by way of his opposition and the court declines to afford him a second bite at the apple. Plaintiff's motion is therefore denied and plaintiff's surreply will be disregarded.

## Motion to Dismiss

I. Legal Standards

    A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to

state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

B. <u>Dismissal for Failure to Exhaust Administrative Remedies</u>

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S.

731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id*. at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id*. at 1166. Here, as discussed below, the relevant facts pertaining to exhaustion are set out in plaintiff's complaint and the attachments thereto. It is clear from the face of the complaint and it's attachments that plaintiff has failed to exhaust his administrative remedies.

II. Background

A. The Disciplinary Hearing

On March 16, 2015 and while incarcerated at High Desert State Prison ("HDSP"), plaintiff was assessed a rules violation report ("RVR") for assaulting another inmate. ECF No. 10 at 7, 49. Defendant Romero was assigned to assist plaintiff in preparing for his disciplinary hearing by acting as an investigative employee. *Id.* at 87. Defendant Serna[1] was assigned to be plaintiff's staff assistant. *Id.* at 90. And Defendant Hudson was the hearing officer at plaintiff's disciplinary hearing. *Id.* at 90-93.

Documents date the relevant disciplinary hearing to April 15, 2015. *Id.* at 93. Plaintiff disputes the date of the hearing, arguing that it instead occurred on April 21, 2015. ECF No. 42 at 3. The ultimate relevance of this dispute will be discussed in the analysis below. Regardless,
/////

---

[1] Defendants note that this defendant's name is properly "Serna-Garcia." ECF No. 41-1 at 5. The Clerk of Court will be directed to alter the docket to reflect the proper name.

4

plaintiff raised an objection to defendant Hudson presiding as hearing officer under Tile 15, Section 3320(h). ECF No. 10 at 8. Section 3320(h) provides that:

> Staff who observed, reported, classified, supplied supplemental reports to, or investigated the alleged rules violation; who assisted the inmate in preparing for the hearing; or for any other have a predetermined belief of the inmate's guilt or innocence shall not hear the charges or be present during deliberations to determine guilt or innocence and disposition of the charges.

Cal. Code Regs. tit. 15, § 3320(h). Plaintiff's objection on this ground was rejected. ECF No. 10 at 8. Plaintiff also raised an objection arguing that "all his evidence" had been taken from him in the days preceding the hearing and boxed for transport. *Id.* He identifies the relevant evidence as declarations from several other inmates who were eye-witnesses to the alleged assault. *Id.* at 10. The hearing nevertheless proceeded over this objection.

Plaintiff pleaded not guilty at the hearing, but made no other statements with respect to the charges against him. *Id.* at 91. He was found guilty and assessed ninety days loss of credit and ten days loss of yard time. *Id.* at 93. The RVR indicates that plaintiff was provided a written copy of the findings on May 10, 2015. *Id.* Plaintiff claims that he did not receive the findings until "on or about" June 1, 2015, however. *Id.* at 12.

B.  Exhaustion of Administrative Remedies

Plaintiff submitted two relevant grievances, numbered SAC S 15-01400 and HDSP 15-02033. *Id.* at 9-12. Both, along with their official responses, were attached to the complaint. *Id.* at 75-85, 130-132. Grievance 15-01400 was not pursued through all levels of review. *Id.* at 130. Grievance 15-02033 was rejected by prison authorities as untimely. *Id.* at 75-76, 79-80.

III.  Analysis

Defendants argue that: (1) the prison grievance system was available to plaintiff; (2) plaintiff failed to exhaust his claims by way of this system; and (3) even if the court does not credit the first two points, plaintiff failed to actually name defendants Serna-Garcia and Romero in either grievance. ECF No. 41-1 at 7-11. The court, for the reasons stated below, agrees with defendants that plaintiff failed to exhaust his administrative remedies with respect to the claims at

/////

issue in this suit. Thus, it does not reach defendants' alternative arguments regarding the merits or qualified immunity.

### A.     Grievance 15-01400

Plaintiff submitted this grievance, challenging the disposition of his RVR hearing, on May 3, 2015. ECF No. 10 at 132. Therein, plaintiff noted that he did not yet have a final written copy of the RVR disposition. *Id.* Prison officials rejected this grievance at the first level on May 18, 2015 and directed plaintiff to resubmit it once he obtained a final copy of the RVR disposition. *Id.* at 132. Under CDCR regulations, plaintiff had thirty days to resubmit this grievance. Specifically, section 3084.3(c) provides that:

> Failure to attach all necessary supporting documents may result in the appeal being rejected as specified in subsection 3084.6(b)(7). The appeals coordinator shall inform the inmate or parolee that the appeal is rejected because necessary supporting documents are missing. The appellant shall be allowed an additional 30 calendar days to secure any missing supporting documents and resubmit the appeal.

Cal. Code Regs. tit. 15, § 3084.3(c). This grievance was never resubmitted, however. Instead, plaintiff submitted an entirely new grievance – number 15-02033 – challenging the RVR disposition.

### B.     Grievance 15-02033

Prison authorities rejected this grievance at the third level after finding that it was untimely. ECF No. 10 at 79. Specifically, authorities noted that plaintiff was issued a final copy of the RVR decision on May 10, 2015. *Id.* This grievance was not received by prison authorities, however, until June 23, 2015. *Id.* at 82 (right-hand side of the page, notation that the grievance was received by "CSP-SAC APPEALS 2015JUN23"). Prison authorities stated that, pursuant to CCR 3084.8(b), this grievance was due on June 9, 2015. *Id.* at 79. Section 3084.8(b) provides that "an inmate or parolee must submit the appeal within 30 calendar days of: (1) The occurrence of the event or decision being appealed, or; (2) Upon first having knowledge of the action or

/////

/////

/////

decision being appealed, or; (3) Upon receiving an unsatisfactory departmental response to an appeal filed."[2]

As noted above, plaintiff argues that he did not actually receive the final RVR decision until approximately June 1, 2015. ECF No. 10 at 12; ECF No. 42 at 4-6. Assuming this is true, it still does not render plaintiff's grievance timely. First, as noted by defendants, if plaintiff received the final RVR on June 1, 2015, he still had ample time to submit the grievance before the June 9, 2015 deadline – or, more importantly, the June 18, 2015 deadline set out by the official response to grievance 15-01400. Instead, he admits in his response that he submitted this grievance on June 21, 2015. ECF No. 42 at 4; *see also* ECF No. 10 at 116. Second, as pointed out in defendants' reply, prison regulations caution, with respect to supporting documents, that:

> "The inmate or parolee shall not delay submitting an appeal within the time limits established in Section 3084.8 if unable to obtain supporting documents, but shall submit the appeal with all available supporting documents and in Part B of their CDCR Form 602 . . . provide an explanation what any remaining supporting documents are not available. Time limits for filing an appeal are not stayed by failure to obtain supporting documentation and commence as set forth in subsection 3084.8(b)."

Cal. Code Regs. tit. 15, § 3084.3(b). Thus, plaintiff's untimeliness is not excused given that he was aware of the issues being appealed on the date of his RVR hearing – either April 15, 2015 as indicated on the RVR documentation (ECF No. 10 at 90) or April 21, 2015 as alleged by plaintiff in his response (ECF No. 42 at 3). He was also aware, by the foregoing dates, of the ultimate disposition of his hearing insofar as his yard time punishment restriction indicated that it was to "commence the date of this hearing." ECF No. 10 at 93.

In his response, plaintiff argues that he had thirty days from June 1, 2015 – the day he alleges he received the final copy of the RVR – to submit a timely grievance. ECF No. 42 at 5. But this contention does not, as noted above, find support in the relevant CDCR regulations.

/////

---

[2] In 2016, this section was amended to include a provision which excepted allegations of sexual misconduct or sexual violence from these time limit provisions. CCR 3084.8(b)(4). These exceptions are not relevant to the claims in this suit.

Instead, section 3084.8(b) mandated that plaintiff submit his grievance within thirty days of the hearing itself – the date on which plaintiff alleges his rights were violated. When his first grievance was rejected for failure to include supporting documents – namely the final RVR decision – he had thirty days from the *date of the rejection* to resubmit his grievance. *See* Cal. Code Regs. tit. 15, § 3084.3(c). The court concedes that it makes a kind of intuitive sense, given that his first grievance was rejected for failure to include the final decision, for plaintiff to believe that the date on which he received that decision would carry some operative significance in terms of the timeliness of his grievance.[3] That is the not the rule the CDCR has adopted, however. Indeed, section 3084.3(b) of the regulations plainly rejects the system plaintiff proposes. And, as defendants correctly assert, it is not the place of this court to question the merits of the CDCR's procedural rules. Nor is this court able to excuse an inmate's failure to comply with applicable regulations. *See Ross v. Blake*, 136 S. Ct. 1850, 1853 (2016) (noting that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). The only escape hatch by which a court may excuse a failure to exhaust is where it finds that administrative remedies were unavailable. *Id.* at 1857-62. Here, remedies were plainly available. Plaintiff could have timely resubmitted grievance 15-01400 after receiving the RVR on June 1, 2015, but he failed to do so.

/////

---

[3] The court also notes that, in addressing grievance 15-02033, prison authorities used the May 10, 2015 date that the final RVR was issued as the date of accrual. ECF No. 10 at 79. The court is not aware of any authority by which this discretionary decision can be considered "retroactively precedential" and thereby allow plaintiff to substitute June 1, 2015 as the new date of accrual. That is, assuming prison authorities were wrong and plaintiff received the RVR on that later date, he cannot rely on the rejection – which was issued on March 7, 2016 - to support the assumption that his actual deadline was thirty days from June 1, 2015. Rather, he was required to abide by all applicable regulations in April, May, and June of 2015 – which, if consulted, would have dictated that he re-submit grievance 15-01400 within thirty days of its initial rejection on May 18, 2015.

The court also credits defendants' argument that, even if plaintiff received the RVR on June 1, 2015, the date of provision on the form would still have been May 10, 2015. *See* ECF No. 10 at 94. Thus, he had notice of the date prison officials would likely consider to be the date of accrual (if they were not calculating the point of accrual from the April hearing itself). Rather than assuming he had thirty days from the tardy delivery, plaintiff should have availed himself of the remaining nine days to submit his grievance.

8

1        Plaintiff's final argument is that prison authorities' response to his challenge regarding grievance 15-02033's untimeliness informed him that "[t]his decision exhausts the Administrative remedies available to the appellant within CDCR." ECF No. 10 at 76. This, he argues, is an indication that his administrative remedies were actually exhausted. The statement in question, however, indicates only that plaintiff had no further administrative avenues by which to appeal the cancellation of his grievance. It cannot be taken as an indication that plaintiff's underlying claims – which were procedurally rejected - were suddenly properly exhausted. Rather, it must be read as an indication from prison officials of their view that those claims were now totally foreclosed from ever being exhausted.

       Based on the foregoing, the court concludes that administrative remedies were available to plaintiff, but he failed to exhaust them. Thus, his claims must be dismissed. The dismissal will be without prejudice, however, since the Ninth Circuit has routinely held dismissal for failure to exhaust administrative remedies should be without prejudice. *See, e.g., Armstrong v. Scribner*, 350 F. App'x 186, 187 (9th Cir. 2009) (vacating in part order dismissing an action with prejudice for failure to exhaust administrative remedies and remanding for dismissal without prejudice).

<u>Motion for Preliminary Injunction</u>

       In a recently filed motion, plaintiff asks the court to enter an order directing the warden of California State Prison Sacramento to provide him with medical attention. ECF No. 43 at 1. He also requests that the court order the warden to conduct an investigation into an assault against plaintiff's person by correctional officers. *Id.* This motion asserts claims entirely unrelated to the due process and retaliation claims being litigated in this lawsuit. The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). That relationship plainly does not exist here. If plaintiff wishes to pursue these new claims, he may file a separate suit and move for preliminary injunctive relief therein.

/////

/////

## Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

1. That the Clerk of Court shall amend the docket to reflect that defendant "Serna" is appropriately "Serna-Garcia;"

2. Plaintiff's motion to submit surreply (ECF No. 46) is DENIED and;

3. The Clerk is directed to strike plaintiff's surreply (ECF No. 47).

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 41) be GRANTED and plaintiff's claims be DISMISSED without prejudice for failure to exhaust administrative remedies; and

2. Plaintiff's Motion for Order Directing Warden to Render Medical Attention and Conduct Investigation (ECF No. 43) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE